## PELUSO v CLEVELAND CAP SCREW CO et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11409.   Decided May 11, 1931

Harry F. Pattie, Cleveland, for Peluso.

Dustin, McKeehan, Merrick, Arter & Stewart and Geo. W. Cottrell, Cleveland, for Cleveland Cap Screw Co.

JUSTICE, PJ, CROW and KLINGER, JJ, (3rd Dist), sitting.

CROW, J.

Only two assignments of error are of sufficient importance to require special notice. One of these was the alleged misconduct of a juror. This point can be dismissed with the simple comment that the affidavits presented in support of that ground of the motion for new trial, have not been brought upon the record by a bill of exceptions or journal entry; their presence with the papers necessary to be filed in the institution of this proceeding in error, will not suffice.

It is urged that the verdict as to Nina Gunn is inadequate and therefore not sustained by sufficient evidence.

The evidence proved that plaintiff's earnings from his manual labor averaged $3000.00 a year for many years prior to the injuries in issue; that when injured he was in sound health, was about thirty-six years and six months of age and had been regularly employed in his ordinary occupation. The evidence further proved that between the time he sustained the injuries and the time of the trial, about two and a half years had elapsed, during which he was unable to use, without a crutch, the leg which received the chief injury and other compensable injuries were proved to have been sustained; and the weight of the evidence was to the further effect that the injury to his foot was permanent and would probably disable him from performing his usual labor for some time.

It is thus manifest that the evidence proved a case entitling plaintiff to a sum so far beyond the amount awarded by the verdict, as to necessitate the holding that the verdict is not sustained by sufficient evidence.

Assuming, without deciding, that the evidence clearly proved negligence by The Cleveland Cap Screw Company, the issue of proximate cause in relation thereto was the subject of such conflicting evidence that we are obliged to hold that the presumed finding by the jury against the plaintiff on the issue of proximate cause, is sustained by sufficient evidence. The plural issue rule therefore requires affirmance of the judgment as to the Cleveland Cap Screw Company. The judgment against defendant, Nina Gunn, will be reversed and the judgment in favor of The Cleveland Cap Screw Company will be affirmed.

JUSTICE, PJ and KLINGER, J, concur.